UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-06709-BFM **Date:** November 18, 2026

**Title:** *Juan Casillas Villega v Markwayne Mullin, et al.*

==============================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Juan Casillas Villega filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 9, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen from Mexico who is currently detained at the Adelanto Detention Center, within the Central District of California. (Pet. ¶¶ 23, 30; ECF 1-1 at 5.) He entered the United States in 2003, and has lived in the Los Angeles area since then, providing for himself and his United States citizen wife, and their United States citizen child. (Pet. ¶¶ 23, 30; ECF 1-1 at 10.) Petitioner's wife filed a visa petition for him in January 2024, which was approved (Pet. ¶ 26); his waiver of unlawful presence is pending (Pet. ¶¶ 26-28; ECF 1-1 at 10). Petitioner represents that he has no criminal history. (Pet. ¶ 31.)

On November 6, 2026, Petitioner was called in for a biometrics appointment with USCIS in El Monte, California. (Pet. ¶ 29.) Once there, Petitioner was arrested by immigration authorities and transferred to the Adelanto Detention Center, where he has been in ICE custody since. (Pet. ¶

30.) Prior to his detention, Petitioner was not given notice that Respondents intended to detain him, was not provided a pre-deprivation hearing or arrest warrant, and did not receive an individualized custody determination assessing whether he was a flight risk. (Pet. ¶¶ 31-34.)

Petitioner filed this Petition, alleging that his detention without a warrant or a pre-deprivation hearing violated procedural due process, and that those violations compel an order releasing him. (Pet. at 8-10.) Respondents have not appeared and have not filed an opposition within the time permitted by General Order 26-05. (*See* ECF 6.)[1] Petitioner filed a notice of Respondents' failure to respond. (ECF 8.) Based on the lack of response, the Court declines to hold the Petition waiting for Petitioner's reply and instead deems the Petition fully briefed and ready for decision.

## II. Analysis

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on

---

[1] *Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883, at *1 (C.D. Cal. Sept. 18, 2026) ("The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits."). Respondents' notice of appearance was due October 13, 2026, and its answer would have been due October 16, 2026. The Court thus presumes that this case is one in which the U.S. Attorney's Office does not intend to appear and treats the Petition as unopposed.

the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last term, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that his detention violated his procedural due process rights and that the proper habeas remedy is an order of release. (Pet. at 8-10.) Respondents did not respond to the Petition. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject her claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-06709-BFM **Date:** November 18, 2026

**Title:** *Juan Casillas Villega v Markwayne Mullin, et al.*

==========================================================

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court orders that the Petition be granted, and that Petitioner be ordered released.

## III. Conclusion

Accordingly, Claim Two in the Petition (ECF 1 at 8-9) is **granted**. Petitioner Juan Casillas Villega (A# 233-808-580) shall be immediately released on reasonable conditions. Any property confiscated during his arrest

shall be returned to him. Claims One and Three are denied as moot in light of the relief granted on Claim Two.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, counsel shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

The Court declines to enter the specific future injunctive relief sought (Pet. at 10-11); the process provided in this case is inadequate but the Court is not inclined to dictate the minimum procedure that would comply with due process.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch